UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

Ward Wesley Wright,

    Defendant.
_____/

Case No. 96-80876-3

Honorable Patrick J. Duggan

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_November 8, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

On August 6, 2010, Ward Wesley Wright, currently incarcerated at the United States Penitentiary in Terre Haute, Indiana, filed a motion to amend his restitution payment schedule pursuant to Section 5E1.1 of the United States Sentencing Guidelines Manual and 18 U.S.C. § 3664(k). Defendant challenges the legality of the Bureau of Prisons' Inmate Financial Responsibility Program, alleging that it is an unconstitutional delegation of the Court's power to order restitution. He also argues that if the Court does not amend his payment schedule, he will suffer sanctions, including reduced pay and restrictions on his transfer to another prison facility. Defendant therefore requests that the Court set his scheduled payment at ten percent of his salary and other pay. The Court dispenses with

oral argument pursuant to E. D. Mich. LR 7(f)(2), and for the reasons stated below, denies Defendant's motion.

## I. Procedural Background

On June 11, 2001, following a jury trial, Defendant was convicted of use of interstate commerce facilities in the commission of murder for hire, in violation of 18 U.S.C. § 1958, interstate travel in aid of a crime of violence, in violation of 18 U.S.C. § 1952(a)(2), and conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). On October 31, 2001, this Court sentenced Petitioner to life imprisonment and ordered restitution of $6,000 to be paid in full immediately. Defendant appealed the conviction and sentence, but not his restitution. His conviction and sentence were affirmed on appeal. *United States v. Wright*, 343 F.3d 849 (6th Cir. 2003), *cert. denied*, 541 U.S. 990, 124 S. Ct. 2016 (2004).

Defendant entered into the Bureau of Prisons' Inmate Financial Responsibility Program ("IFRP").[1] Upon entering the IFRP, Defendant agreed to make periodic payments toward his financial obligations. *See* Def.'s Mot. Ex. A. Defendant seeks an Order from this Court reducing his scheduled payments, as he asserts that he can no longer make them and that the payment amount was illegally set.

## II. Discussion

Plaintiff argues that Defendant's motion seeking to alter his restitution payment

---

[1] The IFRP is a work program instituted by the Bureau of Prisons for the purpose of encouraging "each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10.

2

schedule is improperly raised, and the Court agrees. Defendant does not appear to dispute the total amount of restitution ordered by this Court; rather, he challenges his payment schedule under the IFRP, a program administered by the Bureau of Prisons. A defendant raising a challenge under such a program must first exhaust his administrative remedies. *Urbina v. Thomas*, 270 F.3d 292, 295 n.1 (6th Cir. 2001) (noting that "the Bureau of Prisons should be given the opportunity to consider the application of its policy . . . before the matter is litigated in the federal courts"). The Bureau of Prisons has defined processes by which a federal prisoner may "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. Defendant has not indicated that he ever pursued these remedies. Only after exhausting them may he properly litigate his claim.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Amend Restitution Order is **DENIED**.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to:

Elizabeth A. Stafford, A.U.S.A.

Ward Wesley Wright, #32005-048
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808